OPINION
Defendant-appellant Robert Wagner appeals the May 3, 2000 Judgment Entry of the Ashland County Court of Common Pleas which overruled his motion to suspend fines and court costs pursuant to R.C.2929.14(C). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On August 10, 1983, the Ashland County Grand Jury indicted appellant on two counts of rape, in violation of R.C.2907.02(A)(3). On March 27, 1991, appellant plead guilty to one count of attempted rape in violation of R.C. 2923.02(A) and 2907.02(A)(3). The trial court dismissed the remaining counts of the indictment and sentenced appellant to an indeterminate sentence of not less than six years and not more than fifteen years of incarceration. The judgment entry also contained the following paragraph with regard to costs: Costs in the amount $ are taxed to the Defendant and in addition to these costs, the Defendant is taxed a sum of $10 pursuant to Section 2949.091 of the Ohio Revised Code. In addition, the $20 previously posted with the Clerk of Courts is to be paid over to the Treasurer of the State of Ohio, pursuant to Section 2743.70 of the Ohio Revised Code.
Judgment Entry at 11.
On July 9, 1998, appellant filed a Motion to Vacate Court Costs, Fines, and Restitution. Appellee filed a Motion in Response on July 22, 1998. In a July 23, 1998 Judgment Entry, the trial court overruled appellant's motion. On May 1, 2000, appellant filed a Motion to Suspend Fines Court Costs pursuant to R.C. 2929.14(C). The trial court overruled the motion on May 3, 2000. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN IMPOSING A MANDATORY FINE WITHOUT FIRST DETERMINING THE DEFENDANT-APPELLANT'S ABILITY TO PAY SUCH FINE IMPOSED.
 II. THE TRIAL COURT ERRED WHEN IMPOSING A FINE UPON AN INDIGENT DEFENDANT AS A PART OF HIS SENTENCE.
 III. THE TRIAL COURT ERRED IN IMPOSING A FINE UPON AN INDIGENT DEFENDANT WITHOUT FIRST HOLDING A HEARING TO DETERMINE HIS ABILITY TO PAY SUCH FINE IMPOSED.
 I, II, III
Each of appellant's assignments of error attack the trial court's imposition of "fines" and court costs. As pointed out in appellee's brief, appellant was not sentenced to pay a fine, but rather mandatory court costs. Assuming arguendo, appellant had been ordered to pay a fine in addition to the court costs, we nevertheless find we have no jurisdiction to address appellant's claims herein. Appellant attacks the imposition of fines and/or court costs which were imposed in the March 28, 1991 Judgment Entry sentencing appellant for his crime. Pursuant to App.R. 4, appellant had thirty days in which to attack this judgment entry. Appellant's attempt to collaterally attack the original judgment entry over nine years later is untimely.
Appellant's appeal is dismissed for lack of jurisdiction.
 _________________________ HOFFMAN, P.J.